IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MEDIA CHAIN, LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:21-CV-27-LY |
| | § | |
| ROKU, INC., | § | |
| DEFENDANT. | § | |

## <u>ORDER ON MOTION TO TRANSFER VENUE</u>

Before the court are Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) filed April 20, 2021 (Doc. #31); Plaintiff's Response in opposition to Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) filed June 8, 2021 (Doc. #32); Defendant's Reply in Support of Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) filed June 23, 2021 (Doc. #35); and Plaintiff's Supplement to its Opposition to Defendant's Motion to Transfer filed September 17, 2021 (Doc. #55). Having considered the motion, response, reply, and supplement, the court will grant the motion for the reasons stated below.

### Background

Plaintiff Media Chain, LLC ("Media Chain") filed suit against Defendant Roku Inc. ("Roku") on January 8, 2021 alleging infringement on U.S. Patent Nos. 9,715,581 B1; 9,898,590 B2; 10,489,560 B2; 10,515,191 B2; 10,860,691 B2; and 10,885,154 B2 (the "Asserted Patents"). Media Chain's infringement claims relate to methods allowing content owners control over digital licensing and organizing user data to monetize digital media reproduction and hardware that supports such methods. Roku brings this motion seeking transfer to the Northern District of California.

## Standard of Review

Under Section 1404(a), a suit may be transferred for convenience to another venue where it might have been brought.  28 U.S.C. § 1404(a).  Determining whether transfer under Section 1404 is proper requires the court to determine two factors: (1) that the transferee district is one where suit "might have been brought" and (2) that the transferee district is clearly more convenient. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 312, 315 (5th Cir. 2008).  Neither party disputes that the suit would have been proper in the Northern District of California, therefore only the second factor is in question in this case.

To evaluate convenience, the court considers four public and private interest factors.  *Id.* at 315.  "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'"  *Id.* at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*Volkswagen I*")).  "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).  The parties agree that the third and fourth public interest factors are neutral but dispute the rest.  This court concludes that an analysis of the factors reveals transfer is warranted.

## Analysis

### Private-Interest Factors

*Relative Ease of Access to Sources of Proof*

The first factor relates to access to non-witness evidence such as documents and other physical evidence. *Id.* at 316. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Roku's engineering and marketing teams that work on the services that are most likely to have infringed upon the Asserted Patents are based in California. Roku is also headquartered in California. Media Chain is based in Florida, and the inventor of the Asserted Patents is not based in Texas. Roku does have a Texas office that is primarily focused on new product testing.

Because the teams based in California have developed the services that are most likely to have infringed upon the Asserted Patents in this case, it is most likely that the documents pertinent to this case will be located in California. In addition, California is the base for the finance and marketing teams which will have data that could become relevant for damage calculations. Although Media Chain argues that these documents can be easily accessed in Texas electronically, this antiquated era argument was essentially rejected in *Volkswagen* because it would make ease of access irrelevant as a factor. 545 F.3d at 316.

Further, there is no indication that there are any especially relevant documents in Texas, and only a few Texas employees are connected to the teams in California. Media Chain points to the presence of Roku SVP of Product Engineering and Operation Scott de Hass in Texas as evidence that documents are easily accessible there, but there is no special connection between de Haas and the infringement of the Asserted Patents. Because the relevant documents and

evidence are located in California with no special access in Texas, the ease of access factor weighs in the favor of transfer.

*Availability of Compulsory Process*

Roku contends that it is unaware of any likely witnesses located in Texas and argues that several likely third-party witnesses reside within the subpoena power of the Northern District of California.  *See id.*, 545 F.3d at 316–17 (when "a proper venue that does enjoy **absolute** subpoena power . . . is available," that fact favors transfer).  Roku contends that Media Chain's infringement allegations identify by name two channel partners located in the Northern District of Texas.  In response, Media Chain relies heavily on the five Roku employees Media Chain identifies as likely witnesses in this action located in Boston and New York, as well as one potential witness from Austin, Texas.  Media Chain does not dispute that the two channel partners identified in its infringement allegations are located in the Northern District of California, or that many of Roku's likely witnesses are located in the California.  Therefore, the court finds that the availability of compulsory process weighs in favor of transfer.

*Costs for Willing Witnesses*

Roku argues that the costs for willing witnesses to appear in this court weighs heavily in favor of transfer because all likely witnesses with knowledge of the accused services are located in the Northern District of Texas.  Roku also notes that although Media Chain's witnesses would have to travel farther from Florida to the Northern District of California than they would to the Western District of Texas, the difference in time and expenses incurred will be *de minimis*.  In response, Media Chain argues that several witnesses and channel partners are located in Texas or outside Texas, California, and Florida.  Therefore, Media Chain asserts that because Roku has failed to identify specific witnesses, outline the substance of their testimony, or provide more

4

than general allegations that its employees are inconveniently located, this factor disfavors transfer.

The convenience of witnesses is "an important factor." *Genentech*, 566 F.3d at 1343. Most employees of both parties reside outside the Western District of Texas. Many potential witnesses from Roku are located in the Northern District of California, but several Media Chain names as potential witnesses reside outside Texas and California. Thus, the court finds that at the very least this factor is neutral, but given the California residence of most Roku employees, this factor more likely weighs in favor of transfer.

*Other Practical Problems*

Roku asserts that judicial economy weighs in favor of transfer to the Northern District of Texas because this case is in its early stages. In response, Media Chain argues that it is more likely to be granted in-person proceedings in the Western District of Texas because the Northern District of California implements stricter COVD-19 requirements limiting access to its courtrooms.

The Supreme Court has long held that Section 1404(a) requires "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622(1964); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). COVD-19 restrictions vary by jurisdiction and are in a constant state of flux throughout the country. Therefore, the court does not find COVD-19 restrictions relevant to consider in determining whether transfer is warranted under Section 1404(a). The court does find, however, that the fact that this case has not progressed to claims construction and is therefore in its early stages weighs in favor of transfer.

**Public-Interest Factors**

*Court Congestion*

Roku notes that the median time for trial in the Northern District of California and the Western District of Texas are nearly equal. In response, Media Chain asserts that the Western District of Texas has a smaller docket and tries cases faster than the Northern District of Texas. However, Media Chain's statistics include all divisions of the Western District of Texas, and Media Chain fails to acknowledge the weighted filings per judge in the Austin Division of the Western District of Texas. Therefore, the court finds that at best, this factor is neutral as both the Northern District of California and the Western District of Texas have heavily weighted caseloads.

*Local Interest*

The local-interest factor not only includes the parties' significant connections to each forum as a whole, but also the "significant connections between a particular venue and the events that gave rise to a suit." *In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010); *see also In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020). Roku notes that the location of its headquarters–as well as many of Roku's key channel partners–is in the Northern District of California. In addition, Roku asserts that the key events of the case, including the design and operations of Roku's allegedly infringing products, took place in the Norther District of California. Finally, Roku adds that Media Chain has its headquarters in the Southern District of Florida, which does not give rise of a localized interest in the Western District of Texas. Although Roku has a Austin, Texas campus, Roku asserts that its limited presence in the Western District of Texas is unrelated to this lawsuit because none of the key witnesses, evidence, claims, or defenses are connected to Roku's Austin campus.

In response, Media Chain argues that Roku has "strong general connections" to the Western District of Texas because it is the site of the alleged infringing products' development and testing.   The court finds, however, that this general connection is not strong enough to require that this case remain in the Western District of Texas.  Although the court recognizes that a case should not be transferred simply to shift the burden of inconvenience from a defendant to a plaintiff, where the plaintiff has virtually no connection to the chosen forum, a plaintiff's choice is entitled to little deference.  *See generally Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005).  Moreover, the Federal Circuit has held, in reliance on Fifth Circuit precedent, that although the plaintiff's choice of venue maybe accorded deference, that choice is not to be treated as a distinct factor in a venue analysis.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2009) (citing *Volkswagen*, 545 F.3d at 315).  The fact that Media Chain chose to file its lawsuit in the Austin Division of the Western Division of Texas is not enough to outweigh the stated conveniences of litigating this case in the Northern District of California. Therefore, the court will transfer this case to the Northern District of California.

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) filed April 20, 2021 (Doc. #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-styled cause of action is **TRANSFERRED** to the United States District Court for the Northern District of California.

SIGNED this _____7th_____ day of December, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE